HIGHLAND MANOR ASSOCIATES, a limited partnership, Plaintiff-Respondent,

v.

Michele BAST, Defendant-Appellant.†

Court of Appeals

*No. 02–2799. Submitted on briefs January 15, 2003.—Decided May 8, 2003.*

2003 WI App 130

(Also reported in 665 N.W.2d 388.)

† Petition to review granted 8-13-03.

455

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David R. Sparer* of *Herrick & Kasdorf, LLP*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *David R. Friedman* of *Friedman Law Firm*, Madison.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. DYKMAN, J.   Michele Bast's notice of appeal requests review of "the decision to deny reconsideration or reopen judgment entered on October 4, 2002, in the Circuit Court for Dane County, the Hon. Michael Nowakowski, presiding . . . ." The judgment for which reconsideration was sought was for eviction. It was entered on September 13, 2002, after a hearing on that date before Judge Robert DeChambeau. The issue is whether Bast's appeal is timely. We conclude that Bast was required to appeal from the September 13 judgment. Consequently, her notice of appeal, filed on

November 21, 2002, was untimely. We lack jurisdiction over this appeal and therefore dismiss it.

■

¶ 2.   This case is decided by interpreting several statutes having to do with reconsideration motions and eviction. Statutory interpretation is a question of law which we determine de novo. *State ex rel. Darby v. Litscher,* 2002 WI App 258, ¶ 7, 258 Wis. 2d 270, 653 N.W.2d 160, *review denied,* 2003 WI 1, 258 Wis. 2d 270, 653 N.W.2d 160 (Wis. Dec. 10, 2002) (No. 02–1018), and *cert. denied,* 123 S. Ct. 2250 (U.S. Wis. June 2, 2003) (No. 02–9855). Evictions are governed by small claims procedure. WIS. STAT. ch. 799.01(1)(a) (2001–02).[1] WIS-CONSIN STAT. §§ 799.40 through 799.45 pertain solely to eviction actions.

¶ 3.   WISCONSIN STAT. § 799.04(1) provides: "Except as otherwise provided in this chapter, the general rules of practice and procedure in chs. . . . 801 to 847 shall apply to actions and proceedings under this chapter." WISCONSIN STAT. § 799.01(1)(a) provides:

> **Applicability of chapter.** (1) *Exclusive use of small claims procedure.* Except as provided in ss. 799.02(1) and 799.21(4) and except as provided under sub.(2), the procedure in this chapter is the exclusive procedure to be used in circuit court in the following actions:
>
> (a) *Eviction actions.* Actions for eviction as defined in s.799.40 regardless of the amount of rent claimed therein.

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

¶ 4. WISCONSIN STAT. § 805.17(3) pertains to trials to a court, and provides:

> *Reconsideration Motions.* Upon its own motion or the motion of a party made not later than 20 days after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly . . . . If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection . . . the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

¶ 5. Bast contends that WIS. STAT. § 805.17(3) applies in small claims cases, while Highland Manor argues that it does not. We agree with Highland Manor.

¶ 6. Highland Manor and Bast agree that WIS. STAT. §§ 799.01(1)(a) and 799.04(1) control our decision.[2] Highland Manor contends that because § 799.01(1)(a) makes small claims procedure exclusive in eviction actions, motions for reconsideration under WIS. STAT. § 805.17(3) are inapplicable in small claims eviction actions. Bast argues that § 799.04(1) is "short, clear and unambiguous." Because the legislature has

---

[2] WISCONSIN STAT. § 801.01(2) provides that WIS. STAT. chs. 801 to 847 govern procedure and practice in circuit court civil actions except where different procedure is prescribed by statute or rule. While the wording of § 801.01(2) is somewhat different from the wording of § 799.04(1), in the context of small claims proceedings both statutes speak to the same concept.

458

not adopted a different procedure for motions for reconsideration in small claims court, she contends that § 805.17(3) is applicable in small claims court.

¶ 7. WISCONSIN STAT. §§ 799.01(1)(a) and 799.04(1) do not conflict. Section 799.01(1) describes the kinds of actions which must be commenced in small claims court. Eviction actions are one of these. Section 799.04(1) recognizes that there are many rules and statutes governing procedure and practice in circuit court that do not appear in ch. 799. Section 799.04(1) permits the use of those rules and statutes in small claims court unless doing so results in a conflict with ch. 799 procedure. A conflict may exist where a small claims statute specifically requires procedure that is different from circuit court procedure, or it may exist where circuit court procedure is incompatible with small claims procedure. We conclude that WIS. STAT. § 805.17(3) is of the latter type, and is therefore excluded from the statutes and rules applicable in small claims court.

¶ 8. The history of WIS. STAT. §§ 799.40 to 799.45 supports this conclusion. Dean Robert F. Boden, the research reporter for the State Bar Revision of Eviction Procedure, 1964–68, wrote "1971 Revision of Eviction Practice in Wisconsin," 54 MARQ. L. REV. 298 (1971). Citing Dean Boden, the court in *Scalzo v. Anderson*, 87 Wis. 2d 834, 847, 275 N.W.2d 894 (1979), noted that the legislature intended a " 'speeded up' forum in line with the 'general feeling that eviction proceedings should be as summary as possible because there is . . . seldom an issue for trial.' "

¶ 9. The summary nature of small claims practice in an eviction action was reiterated in *King v. Moore*, 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980). While the question was the applicability of WIS. STAT.

§ 806.07(1), a statute pertaining to relief from judgment, we noted the philosophy that small claims practice should be more summary and proceedings more speedily terminated than in other kinds of civil actions. We noted: "It necessarily follows . . . that if ch. 299 [now ch. 799] establishes a particular procedure, any different procedure set forth in Title XLIIA is inapplicable to actions brought under ch. 299." *King*, 95 Wis. 2d at 689. We again stressed the summary nature of small claims proceedings in *Mock v. Czemierys*, 113 Wis. 2d 207, 210, 336 N.W.2d 188 (Ct. App. 1983).

¶ 10.    While *King* and *Mock* involved small claims procedures that directly conflicted with portions of WIS. STAT. ch. 806, these cases help confirm our conclusion that WIS. STAT. § 805.17(3) conflicts with the intent of eviction procedure. WISCONSIN STAT. § 799.445 requires that an appeal in an eviction action be initiated within fifteen days, one-third to one-sixth the time permitted under WIS. STAT. § 808.04(1), a statute pertaining to most other civil appeals.[3] Were WIS. STAT. § 805.17(3) to apply to eviction proceedings, the time for an appeal would be extended to something in excess of twenty

---

[3] WISCONSIN STAT. § 808.04(1) requires that most appeals to the court of appeals be brought within ninety days of entry of judgment if no notice of entry of judgment is given, and within forty-five days of entry of judgment if notice of entry of judgment is timely given.

days after entry of judgment, and possibly as much as 110 days after entry of judgment.[4] This is inconsistent with § 799.445.

¶ 11. WISCONSIN STAT. § 805.17(3) applies only to actions tried to a court. It would be anomalous to require an appeal from an eviction tried to a jury to be appealed within fifteen days of entry of judgment, while an appeal from an eviction tried to the court could be commenced more than three months from that time. Successive motions for reconsideration, such as the two made in this case, could postpone an eviction appeal for even longer.[5]

■

¶ 12. There are several matters the parties touch on that we do not decide. We need not consider the applicability of WIS. STAT. § 799.28, which pertains to motions for a new trial. Bast did not ask for a new trial. Nor do we consider the applicability of *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 197 N.W.2d 752 (1972), which

---

[4] WISCONSIN STAT. § 805.17(3) permits a reconsideration motion to be made within twenty days after entry of judgment, five days longer than the fifteen-day limit for eviction appeals required by WIS. STAT. § 799.445. But the extra five days is only the beginning of additional delay. The trial court has ninety days to decide a § 805.17(3) motion for reconsideration, or the motion is deemed denied. Thus, adding the twenty days within which a motion for reconsideration must be made to the ninety days within which the motion must be decided gives a total possible delay of 110 days if § 805.17(3) were applicable to small claims eviction actions.

[5] After Judge Nowakowski reaffirmed Judge DeChambeau's judgment of eviction on Bast's first motion for reconsideration, Bast asked Judge Nowakowski to reconsider his reconsideration. Judge Nowakowski declined to do so, but only after another round of briefing consuming eleven days had occurred.

holds generally that a motion for reconsideration not raising new issues does not toll the time to file a notice of appeal. We have decided that Bast was required to appeal from Judge DeChambeau's judgment. And because Bast's notice of appeal was filed more than fifteen days from the notice of entry of Judge DeChambeau's judgment, we need not consider whether motions for reconsideration filed and heard within that fifteen days are inconsistent with small claims eviction procedure.

*By the Court.*—Appeal dismissed.