HIGHLAND MANOR ASSOCIATES, a limited partnership,
Plaintiff-Respondent,

v.

Michele BAST, Defendant-Appellant-Petitioner.

Supreme Court

*No. 02–2799. Oral argument November 11, 2003.—
Decided December 30, 2003.*

2003 WI 152

(Also reported in 672 N.W.2d 709.)

For the defendant-appellant-petitioner there were briefs by *Mark A. Silverman, Jeffrey R. Myer, Larry J. Dupuis* and *Legal Action of Wisconsin, Inc.*, Milwaukee, and oral argument by *Mark A. Silverman.*

For the plaintiff-respondent there was a brief by *David R. Friedman* and *Friedman Law Firm*, Madison, and oral argument by *David R. Friedman.*

¶ 1. SHIRLEY S. ABRAHAMSON, C.J. This is a review of a published decision of the court of appeals.[1] Michele Bast filed a notice of appeal from an order of the circuit court for Dane county, Michael N. Nowakowski, Judge, denying her motion to reconsider a judgment of eviction. The court of appeals dismissed the appeal because Michele Bast's notice of appeal was not timely filed.

¶ 2. The judgment of eviction was entered in an eviction action, a small claims proceeding governed by Wis. Stat. § 799.01(1)(a) and chapter 799 (2001–2002),[2] in favor of Highland Manor Associates, the landlord, and against Bast, the tenant. The judgment of eviction against Bast was entered on September 13, 2002, after a hearing on that date before the circuit court for Dane County, Robert DeChambeau, Judge.

¶ 3. Two issues are presented. The first issue is whether a tenant defendant in a small claims eviction proceeding may move for reconsideration of a judgment of eviction against the tenant using Wis. Stat. § 805.17(3). Assuming that the tenant may move for reconsideration, the second issue is whether a motion for reconsideration extends the tenant's time to appeal from a judgment of eviction prescribed by Wis. Stat. § 799.445.

¶ 4. We conclude that a tenant in an eviction action governed by chapter 799 may move for reconsideration of the eviction judgment under Wis. Stat. § 805.17(3). We further conclude that a tenant in an eviction action who moves for reconsideration must

---

[1] *Highland Manor Assocs. v. Bast*, 2003 WI App 130, 265 Wis. 2d 455, 665 N.W.2d 388.

[2] All references to the Wisconsin statutes are to the 2001–02 version unless otherwise indicated.

nevertheless take an appeal from the judgment of eviction within the time for appeal set forth in Wis. Stat. § 799.445. Because the time for appeal from a judgment of eviction runs from the date of the entry of the judgment of eviction under § 799.445 and not from the date of denial of the motion for reconsideration, we affirm the decision of the court of appeals that the notice of appeal from the judgment of eviction was not timely filed in the present case.

¶ 5. The only relevant facts in this review are the date of entry of the judgment of eviction against Bast, the date of the order denying Bast's motion for reconsideration, and the date on which the notice of appeal was filed. No dispute exists regarding these dates, which are as follows.

¶ 6. The date of entry of the judgment of eviction was September 13, 2002. On September 20, 2002, seven days after entry of the eviction judgment, Bast filed a motion for reconsideration under Wis. Stat. § 805.17(3). On October 4, 2002, more than 15 days after the September 13 entry of judgment, the circuit court denied the motion for reconsideration. On October 21, 2002, Bast filed her notice of appeal from the October 4, 2002, denial of her motion for reconsideration.

¶ 7. The parties agree that if Wis. Stat. § 799.445 governs the time frame for filing an appeal in this case, the 15–day time period to file a notice of appeal ran from September 13, the date of entry of the judgment, and Bast's appeal was untimely.

5

¶ 8. The questions presented require the interpretation of statutes. The interpretation of statutes is a question of law that this court decides independently of the circuit court and court of appeals, but benefiting from the analyses of both.[3]

¶ 9. Our goal in interpreting statutes is to discern and give effect to the intent of the legislature.[4] Statutory interpretation begins with the language of the statute. Each word should be looked at so as not to render any portion of the statute superfluous.[5] But "courts must not look at a single, isolated sentence or portion of a sentence" instead of the relevant language of the entire statute.[6] Furthermore, a statutory provision must be read in the context of the whole statute to avoid an unreasonable or absurd interpretation. Statutes relating to the same subject matter should be read together and harmonized when possible.[7] A cardinal rule in interpreting statutes is to favor an interpretation that will fulfill the purpose of a statute over an interpretation that defeats the manifest objective of an

---

[3] See State v. Cole, 2003 WI 59, ¶ 12, 262 Wis. 2d 167, 663 N.W.2d 700.

[4] Cole, 262 Wis. 2d 167, ¶ 13 (citing State v. Szulczewski, 216 Wis. 2d 495, 504, 574 N.W.2d 660 (1998)).

[5] Landis v. Physicians Ins. Co. of Wis., 2001 WI 86, ¶ 16, 245 Wis. 2d 1, 628 N.W.2d 893; Alberte v. Anew Health Care Servs., Inc., 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515.

[6] Landis, 245 Wis. 2d 1, ¶ 16 (quoting Alberte, 232 Wis. 2d 587, ¶ 10).

[7] Cole, 262 Wis. 2d 167, ¶ 13 (citing State v. Leitner, 2002 WI 77, ¶ 30, 253 Wis. 2d 449, 646 N.W.2d 341).

act.[8] Thus a court must ascertain the legislative intent from the language of the statute in relation to its context, history, scope, and objective, including the consequences of alternative interpretations.[9]

¶ 10. To answer the question presented, we must examine the interplay between Wis. Stat. §§ 799.445 and 805.17(3).

¶ 11. We begin with an examination of chapter 799. Wisconsin Stat. § 799.01(1)(a) provides, in relevant part, that chapter 799 is "the exclusive procedure to be used in circuit court" in eviction actions. Section 799.01(1)(a) provides as follows:

> 799.01 Applicability of chapter. (1) Exclusive use of small claims procedure. Except as provided in ss. 799.02(1) and 799.21(4) and except as provided under sub. (2), the procedure in this chapter is the exclusive procedure to be used in circuit court in the following actions:
>
> (a) Eviction actions. Actions for eviction defined in s. 799.40 regardless of the amount of rent claimed therein.

¶ 12. Although chapter 799 explicitly governs eviction actions, the chapter does not set forth all the provisions governing practice and procedure in eviction actions. Section 799.04 provides that "*except as otherwise provided in this chapter,* the general rules of

---

[8] *State v. Davis,* 2001 WI 136, ¶ 13, 248 Wis. 2d 986, 637 N.W.2d 62.

[9] *Cole,* 262 Wis. 2d 167, ¶ 13 (citing *State v. Davis,* 2001 WI 136, ¶ 13, 248 Wis. 2d 986, 637 N.W.2d 62).

practice and procedure in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter." (emphasis added).[10]

¶ 13.   Chapter 799 neither includes a mechanism for motions for reconsideration nor proscribes the use of such motions.[11] We therefore look to Wis. Stat. § 799.04 and the general rules of practice and procedure in chapters 750 to 758 and 801 to 847 for rules relating to motions for reconsideration to determine whether any provision in these chapters governing a motion for reconsideration applies to a chapter 799 proceeding.[12]

---

[10] Wisconsin Stat. § 799.04(1) provides in relevant part as follows:

> Relation of this chapter to other procedural rules. (1) GENERAL. Except as otherwise provided in this chapter, the general rules of practice and procedure in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter.

[11] Highland Manor argues that Wis. Stat. § 799.28, which creates a procedure for a new trial in an eviction action, provides an adequate remedy for a defendant in an eviction action. Nothing in chapter 799 demonstrates that this provision was intended to preclude the entirely separate procedure of a motion for reconsideration. It does not make sense to us that the legislature would deny the use of a motion for reconsideration, a mechanism aimed at the summary disposition of disputes, while favoring the lengthier procedure of providing an entirely new trial. Furthermore, § 799.28 refers to a "verdict," implying that the availability of a new trial is limited to cases involving juries. Section 805.15 apparently applies to motions after a verdict, and § 805.17 applies to trials to the court. The inference we draw from these statutes is that the legislature did not intend to preclude a tenant from bringing a motion for reconsideration of a judgment of eviction in a chapter 799 proceedings.

[12] Highland Manor reasons that because Wis. Stat. § 799.01(1) declares chapter 799 to be the exclusive procedure

¶ 14. Wisconsin Stat. § 805.17(3) governs motions for reconsideration after a trial to the court. It allows a party to move a court to amend its findings, conclusions of law, and judgment within the time prescribed therein. Section 805.17(3) states in relevant part:

> Upon its own motion or the motion of a party made <u>not later than 20 days</u> after entry of judgment, the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly (emphasis added).

¶ 15. Because nothing in chapter 799 expressly provides for or expressly prohibits a motion for reconsideration, the question is whether anything about the nature of eviction actions and small claims practice would prohibit a motion for reconsideration under Wis. Stat. § 805.17(3).

---

for eviction actions without referring to § 799.04, the legislature did not intend § 799.04 to apply to eviction actions. Highland Manor appears to base this argument on several provisions in chapter 799 that explicitly and extensively refer to particular sections in chapters 801, 806, 807, and 814. It asserts that the legislature did not intend to rely on the general wording of § 799.04 to incorporate other sections not mentioned in chapter 799. Rather, Highland Manor asserts that the legislature provided specific references in order to clarify precisely which provisions of chapter 799 are governed by 799.04 and which are controlled by § 799.01. Because no reference to § 805.17(3) appears in chapter 799, Highland Manor argues that the legislature did not intend for § 805.17(3) to apply in eviction actions. Highland Manor's interpretation is not compelling. Nothing in the language, statutory history, or objective of the small claims statute supports Highland Manor's reading. We agree with the court of appeals that § 799.04(1) "recognizes that there are many rules and statutes governing procedure and practice in circuit court that do not appear in ch. 799." *Highland Manor*, 265 Wis. 2d 455, ¶ 7.

¶ 16. A consideration pointing away from allowing such a motion for reconsideration is that the legislature intended eviction proceedings to be as summary as possible because there is seldom an issue for trial.[13]

¶ 17. A consideration pointing toward allowing such a motion for reconsideration is that public policy favors allowing a circuit court to reconsider its decisions. Motions for reconsideration pending appeal serve an important function.[14] A circuit court's reconsideration may obviate the need for an appeal. Allowing such motions could, therefore, not only spare the parties unnecessary expense, but could also serve the goal of judicial economy. Even if an appeal is not avoided, a motion for reconsideration enables a circuit court to hone its analysis and thus expedite the appellate review process.

¶ 18. Another consideration pointing toward allowing motions for reconsideration in eviction actions is that such motions may be made while an appeal is pending and therefore will not delay the appeal or the eviction proceedings. Section 808.075(1) provides that "in any case, whether or not an appeal is pending, the

[13] *Scalzo v. Anderson,* 87 Wis. 2d 834, 847, 275 N.W.2d 894 (1979) (relying on Robert F. Boden, *1971 Revision of Eviction Practice in Wisconsin,* 54 Marq. L. Rev. 298 (1971)); *Mock v. Czemierys,* 113 Wis. 2d 207, 210, 336 N.W.2d 188 (Ct. App. 1983) (expediency is the nature of small claims proceedings); *King v. Moore,* 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980) (philosophy of small claims proceedings is to resolve disputes more speedily than normal civil litigation would afford).

[14] *State v. Brockett,* 2002 WI App 115, ¶ 16, 254 Wis. 2d 817, 827, 647 N.W.2d 357; *Metro. Greyhound Mgmt. Corp. v. Wis. Racing Bd.,* 157 Wis. 2d 678, 698, 460 N.W.2d 802 (Ct. App. 1990).

circuit court may act under ... s. 805.17(3) ...."[15] Therefore, a party in a small claims action may simultaneously move for reconsideration and initiate an appeal. Allowing a tenant to move for reconsideration under § 805.17(3) thus does not contravene the legislative intent to provide a "speeded-up" forum for eviction proceedings.

¶ 19.   Accordingly, we conclude that the considerations favoring motions for reconsideration outweigh any considerations not favoring such motions, and that a tenant's motion for reconsideration of an eviction judgment is compatible with small claims procedure and practice in eviction actions. Thus a tenant against whom an eviction judgment has been rendered in a small claims eviction action may bring a motion to reconsider the judgment under Wis. Stat. § 805.17(3).[16]

---

[15] *Cf. Chase Lumber & Fuel Co. v. Chase,* 228 Wis. 2d 179, 203, 596 N.W.2d 840 (Ct. App. 1999) (circuit court can order enforcement of judgment pending appeal pursuant to § 808.075); *Riley v. Lawson,* 210 Wis. 2d 478, 488, 565 N.W.2d 266 (Ct. App. 1997) (circuit court can adjudicate motion for relief despite pending appeal); *Cmty. Nat'l Bank v. O'Neill,* 157 Wis. 2d 244, 249, 458 N.W.2d 385 (Ct. App. 1990) (circuit court has authority under § 808.075(1) to confirm foreclosure sale while appeal pending).

[16] The court of appeals concluded that "because Bast's notice of appeal was filed more than fifteen days from the notice of entry of ... judgment, [it] need not consider whether motions for reconsideration filed and heard within that fifteen days are inconsistent with small claims eviction" procedure. *See Highland Manor,* 265 Wis. 2d 455, ¶ 12.

11

¶ 20. Having addressed the first issue, we now consider whether a motion for reconsideration extends the time to appeal from a judgment of eviction prescribed by Wis. Stat. § 799.445. Again, chapter 799 guides us in this endeavor.

¶ 21. Wisconsin Stat. § 799.445, which governs eviction actions, explicitly sets forth the time in which an appeal from a judgment of eviction shall be taken. In an eviction action, an appeal shall be initiated within 15 days of the entry of judgment.[17] Wisconsin Stat. § 799.445 provides in relevant part as follows:

> An appeal in an eviction action shall be initiated within 15 days of the entry of judgment or order as specified in s. 808.04(2). An order for judgment for restitution of the premises under s. 799.44(1) or for denial of restitution is appealable as a matter of right under s. 808.03(1) within 15 days after the entry of the order for judgment for restitution or for denial of restitution.[18] . . . No appeal by a defendant of an order for judgment for

----

[17] The express requirement in § 799.445 that an appeal from a judgment of eviction must be taken within 15 days of an entry of judgment or order is supported by Wis. Stat. § (Rule) 808.04(2). Section 808.04(2) provides that "an appeal under . . . s. 799.445 shall be initiated within 15 days after entry of judgment or order appealed from."

[18] Wisconsin Stat. § 808.03(1)(b) provides:

(1) Appeals as of right. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order, or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding, and that is one of the following:

. . . .

(b) Recorded in docket entries in ch. 799 cases.

restitution of the premises may stay proceedings on the judgment unless the appellant serves and files with the notice of appeal an undertaking to the plaintiff, in an amount and with surety approved by the judge who ordered the entry of judgment.

¶ 22.  If Wis. Stat. § 799.445 applies to the present case, Bast filed the notice of appeal too late. Bast argues that Wis. Stat. § 805.17(3), governing a motion for reconsideration, provides the applicable time period for a notice of appeal from an order denying a reconsideration motion and that this time period should apply to her notice of appeal. If this time period applies, Bast argues that her notice of appeal from the judgment of eviction was timely filed.

¶ 23.  Section 805.17(3) provides, in relevant part, the time for initiating an appeal as follows:

> If the court denies a motion filed under this subsection, the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within 90 days after entry of judgment the court does not decide a motion filed under this subsection on the record or the judge, or the clerk at the judge's written direction, does not sign an order denying the motion, the motion is considered denied and the time for initiating an appeal from the judgment commences 90 days after entry of judgment.

¶ 24.  The friction at the heart of this dispute is between Wis. Stat. § 799.445, providing that "an appeal in an eviction action shall be initiated within 15 days of the entry of judgment or order," and Wis. Stat. § 805.17(3), providing that "the time for initiating an appeal from the judgment commences when the court denies the motion on the record or when an order denying the motion is entered." Thus if § 805.17(3)

13

applies and a circuit court denies a motion for reconsideration, the time for an appeal from a judgment of eviction is extended, as the court of appeals explained. The time for appeal from a judgment of eviction would be extended under § 805.17(3), according to the court of appeals, to something in excess of 20 days after entry of judgment and possibly as much as 110 days after entry of judgment.[19]

¶ 25. The conflict between Wis. Stat. §§ 799.445 and 805.17(3) regarding the time of appeal of a judgment of eviction is, we conclude, resolved by § 799.04. As we explained previously, § 799.04 provides that, except as otherwise provided in chapter 799, the general rules of practice and procedure in chapters 750 to 758 and 801 to 847 apply to actions and proceedings under chapter 799. As we have shown, § 799.445 does explicitly provide the allowable time for appeal from a judgment of eviction, and it therefore trumps the time for appeal set forth in § 805.17(3). We need go no further. Under Wis. Stat. § 799.445, a tenant must appeal from a judgment of eviction within 15 days of judgment, and Wis. Stat. § 805.17(3) does not extend the time for initiating an appeal from an eviction judgment.

¶ 26. We conclude that although a motion for reconsideration under the first part of Wis. Stat. § 805.17(3) is available in an eviction proceeding, § 799.445, not the latter part of § 805.17(3), governs the time frame for appealing a judgment of eviction. This conclusion works under both chapter 799 and Wis. Stat. § 805.17(3), because as we explained previously, a tenant may pursue both an appeal and a motion for

---

[19] *See Highland Manor,* 265 Wis. 2d 455, ¶ 10 n.4.

reconsideration at the same time.[20] Because Bast filed her notice of appeal more than 15 days from the entry of judgment, it was untimely.[21] Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[20] *See* Wis. Stat. § 808.075.

[21] We agree with the court of appeals that there are several matters the parties discuss but that are not present on appeal. Like the court of appeals, we do not consider the applicability of Wis. Stat. § 799.28, which pertains to motions for a new trial, nor do we consider the applicability of *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 197 N.W.2d 752 (1972), which holds that a motion for reconsideration not raising new issues does not toll the time to file a notice of appeal. *See Highland Manor,* 265 Wis. 2d 455, ¶ 12.