COURT OF APPEALS
DECISION
DATED AND FILED

December 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP803**

Cir. Ct. No. 2015CF5039

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHNNIE LEE TUCKER,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Johnnie Lee Tucker, *pro se*, appeals from a circuit court denying his WIS. STAT. § 974.06 (2019-20)[1] motion. Tucker raises multiple claims of ineffective assistance of counsel. For the reasons discussed below, we reject each of Tucker's arguments and affirm.

## BACKGROUND

¶2 In 2016, a jury found Tucker guilty of one count of first-degree intentional homicide and one count of possession of a firearm by a felon arising from the fatal shooting of C.A. outside of Waz's Pub, a tavern in Milwaukee.[2]

¶3 Following his conviction, Tucker, through counsel, pursued a direct appeal. This court affirmed, *see* ***State v. Tucker (Tucker I)***, No. 2017AP840-CR, unpublished slip op. (WI App Aug. 28, 2018), and the Wisconsin Supreme Court denied review.

¶4 On March 18, 2020, Tucker, *pro se*, filed the WIS. STAT. § 974.06 postconviction motion which underlies this appeal. Tucker's claims included that his trial counsel was ineffective for: (1) failing to properly challenge testimony from a detective "identifying 'the shooter'"; (2) failing to properly investigate and handle video surveillance evidence, and provide Tucker with copies of the video surveillance evidence; (3) advising Tucker not to testify; (4) failing to call the tavern's security guard, Tyrone Williams, to testify; and (5) failing to challenge

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The tavern is referred to throughout the record as "Waz's Tavern," "Waz's Pub," and "Waz's Bar." For ease of reading and consistency, this opinion refers to the tavern as "Waz's Pub."

the sufficiency of the evidence. Tucker also contended that postconviction counsel was ineffective for failing to properly raise these issues.

¶5    The postconviction court denied the motion without a hearing. The court concluded that Tucker's claims were conclusory and insufficient to warrant relief. Tucker now appeals.

¶6    On April 16, 2021, Tucker filed a brief-in-chief with this court. On the same date, Tucker filed a motion to supplement the record with an affidavit from Williams, or, alternatively, to stay the appeal and remand the case to the circuit court for him to file an amended motion. We stayed the appeal, and allowed Tucker to file a supplemental postconviction motion.

¶7    On June 1, 2021, Tucker filed his supplemental postconviction motion with an affidavit from Williams. On June 8, 2021, the postconviction court denied Tucker's supplemental motion without an evidentiary hearing. The court found that Williams's affidavit did not contain the statements that Tucker claimed. The court concluded that Williams's statements "offer little to nothing of value about the identity [of] the shooter" and, therefore, "had trial counsel presented his testimony at [Tucker's] trial, there is no reasonable probability that it would have altered the verdict."

**DISCUSSION**

¶8    On appeal, Tucker renews the arguments in his WIS. STAT. § 974.06 postconviction motion. We first address the relevant legal principles. We then turn to Tucker's specific arguments.

### I.     Legal Principles

¶9     When a defendant pursues relief under WIS. STAT. § 974.06 following a prior appeal, the motion must establish a "sufficient reason" for failing to raise any issues that could have been raised in the earlier proceedings. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). A claim of ineffective assistance of postconviction counsel may constitute a "sufficient reason" to overcome the procedural bar. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). To prevail on a claim that postconviction counsel was ineffective for failing to challenge trial counsel's ineffectiveness, the defendant must show that trial counsel was in fact ineffective. *See State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

¶10     To establish ineffective assistance of counsel, a defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the defendant fails to adequately show one prong of the test, we need not address the second. *Id.* at 697.

¶11     When deciding whether a defendant is entitled to an evidentiary hearing based on an ineffective assistance of counsel claim, we first independently determine "whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432. "Whether the record conclusively demonstrates that the defendant is entitled to no relief is also a question of law we review independently." *State v. Spencer*, 2022 WI 56, ¶23, 403 Wis. 2d 86, 976 N.W.2d 383 (citations omitted). "If the record conclusively demonstrates the defendant is

not entitled to relief, the circuit court has the discretion to decide whether to hold a hearing, which we review for an erroneous exercise of discretion." ***Id.***

## II.    Detective Butz's testimony

¶12    At trial, Detective Nathan Butz testified that Waz's Pub had an interior and exterior video surveillance system. When the videos were shown to the jury, Detective Butz testified at one point that "the subject pictured on the left-hand side of the screen that just entered the tavern would be the shooter outside." Trial counsel objected on the grounds that this was "a jury determination."

¶13    After a sidebar, the circuit court instructed the jury in pertinent part that "ultimately it's going to be your determination of what you see in this video and who you think is the shooter and of course ultimately whether the defendant is that person." The court further stated that "you're going to have to decide those ultimate issues, so the detective's comments I think are limited just to that, they're not the ultimate conclusion, but I think you're entitled to the benefit of the thought process and observations and evidence gathered as part of the investigation."

¶14    On direct appeal, Tucker contended that the circuit court erred because Detective Butz's testimony was inadmissible lay opinion testimony, *see* WIS. STAT. § 907.01, and improperly "usurped" the jury's fact-finding authority. We rejected this argument, concluding that there was no support in the record for the assertion that Detective Butz identified Tucker as the shooter, and that the circuit court properly admitted the testimony. *See **Tucker I**,* No. 2017AP840-CR, ¶¶4-5.

¶15    Tucker now asserts that his trial counsel was ineffective for failing to argue that Detective Butz's testimony should have been excluded because it:

(1) violated due process; and (2) was inadmissible under WIS. STAT. § 904.03, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]"

¶16    Even if we were to conclude that trial counsel performed deficiently, Tucker cannot establish that trial counsel's performance prejudiced him. As stated above, after the testimony at issue, the circuit court provided a cautionary, or limiting instruction to the jury. The court specifically instructed the jurors that they were responsible for determining what they saw on the video and whether Tucker was the person in the video. This instruction presumptively cured any potential prejudice to Tucker. *See State v. Jennaro*, 76 Wis. 2d 499, 508, 251 N.W.2d 800 (1977) (stating that limiting instructions "are presumed to cure the prejudicial effect of erroneously admitted evidence"). Thus, Tucker has failed to show that, had his trial counsel objected on due process grounds or under WIS. STAT. § 904.03, there was a reasonable probability that the outcome of the trial would have been different. *See Strickland*, 466 U.S. at 694.

¶17    Moreover, because Tucker has not shown that trial counsel was ineffective, it follows that postconviction counsel was not ineffective for failing to raise an ineffective assistance of trial counsel claim. *See Ziebart*, 268 Wis. 2d

468, ¶15. Accordingly, we conclude that the circuit court properly denied Tucker's claims relating to Detective Butz.[3]

### III. Video surveillance evidence

¶18 Tucker next makes several arguments regarding the video surveillance evidence presented at trial. As discussed below, we reject each of Tucker's arguments.

¶19 First, Tucker argues that trial counsel was ineffective because he failed to prevent the State from using the surveillance video evidence in a "misleading and improper" way. He contends that the State "strung a series of video excerpts together" to mislead the jury into believing that he was the shooter.

¶20 The State's case, however, turned on a single video clip where an individual is seen struggling with C.A., the victim, and pointing a gun at C.A.'s back as C.A. attempts to get away. Venita Pugh, Tucker's ex-girlfriend and mother of his child, positively identified Tucker as the individual in the video clip. Thus, the State's case did not rest on multiple videos strung together.

¶21 Second, Tucker argues that trial counsel failed to point out to the jury that the videos did not capture a "hand movement" or "flash" coming from

---

[3] We note that Tucker also suggests that Detective Butz's testimony constitutes "plain error." Tucker's plain error argument in his WIS. STAT. § 974.06 motion, however, is conclusory and undeveloped. We generally do not address conclusory and undeveloped claims. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Moreover, even if we assume that Tucker met his burden to establish plain error—and we emphasize we are not making this finding—any error was harmless. *See State v. Jorgensen*, 2008 WI 60, ¶23, 310 Wis. 2d 138, 754 N.W.2d 77. As discussed above, the jurors were specifically instructed that they were responsible for determining what they saw on the video and whether Tucker was the person in the video. This instruction rendered any error harmless.

the suspect's gun. According to Tucker, because there is not a flash, there is not evidence that the gun fired. However, D.A., one of C.A.'s brothers, testified that he watched C.A. cross the street, saw a person shoot at C.A., and heard the gunshots. He then saw C.A. collapse. As a result, trial counsel's failure to point out there was not a "hand movement" or "flash" is not deficient performance.

¶22 Third, Tucker argues that there was video evidence depicting D.A. shooting a gun in the direction of C.A., immediately prior to C.A.'s death, but that trial counsel failed to show that video to the jury. Trial counsel did, however, use video evidence to attempt to establish that D.A. had shot C.A. During the cross-examination of T.A., another one of D.A.'s brothers, trial counsel played a video to see if the video showed D.A. shooting. T.A. acknowledged that he could see D.A. "extending his arm in an easterly direction," but stated that he could not see anything in D.A.'s hand.

¶23 In addition, Tucker argues that trial counsel and postconviction counsel were ineffective for failing to provide him with copies of the surveillance videos. As the State notes, Tucker does not point to any deficiencies during trial counsel's or postconviction counsel's representation as a consequence of not having the videos. Rather, Tucker argues that not having the videos "made it impossible" for him to support his WIS. STAT. § 974.06 motion. Tucker's motion was filed *after* trial counsel's and postconviction counsel's representation had concluded. Thus, Tucker cannot show that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

### IV.    Advice not to testify

¶24    Tucker also contends that his trial counsel was ineffective for advising him that he should not testify.

¶25    The State observes that Tucker noted this issue in his WIS. STAT. § 974.06 motion introduction, but did not make or develop an argument on this issue.  Thus, the State argues that this issue is forfeited and requests that we disregard this issue.

¶26    Tucker, in his reply brief, responds that the original motion that he filed included this issue, but the County sent him a letter advising him that the motion was oversized.  He then had the motion re-typed and the issue regarding trial counsel's advice was inadvertently omitted.  Tucker includes a copy of the original motion with his reply brief appendix.

¶27    Tucker's original motion, however, is not in the record, and he does not cite any authority that would permit the filing of his original motion at this time.  We do not consider undeveloped or conclusory issues.  *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

### V.    Failure to call Williams

¶28    Tucker also argues that his trial counsel was ineffective for failing to call Williams, the tavern security guard, as a defense witness.  Tucker alleges that Williams's testimony would have been important to show that:  (1) Tucker was searched as he entered the bar that night and did not have a gun; and (2) Williams did not see Tucker fire a gun at C.A.

¶29    Relevant to this appeal, Williams swore to the following facts in his affidavit: (1) he worked as a security guard at Waz's Pub on November 14, 2015; (2) he never let anyone in the building without doing a complete pat down; (3) he never saw Tucker with a gun, nor shoot anyone the night of November 14, 2015; and (4) on the night in question, he saw C.A.'s brother shooting a handgun, but could not tell if it was in the air or at someone.

¶30    We reject Tucker's argument that trial counsel was ineffective. Williams asserts that his practice is not to let anyone into the tavern without doing a pat down on them. Williams does not assert that he did a pat down of Tucker. Thus, Williams's affidavit does not establish that Tucker did not have a firearm.

¶31    Moreover, Williams's affidavit does not assert that he witnessed the shooting. Although Williams's affidavit states that he never saw Tucker with a gun or shoot anyone on the night of November 14, 2015, these statements do not support Tucker's defense. C.A. was shot and killed the night of November 13, 2015, not the night of November 14, 2015.

¶32    Thus, trial counsel could not be ineffective for failing to call Williams, and postconviction counsel could not be ineffective for failing to allege that trial counsel was ineffective. *See Ziebart*, 268 Wis. 2d 468, ¶15. Tucker has failed to show that there is a reasonable probability that the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

## VI.    Sufficiency of the evidence

¶33    Finally, Tucker contends that the State's evidence was insufficient to convict him.

¶34     The State argues that Tucker improperly raised this claim in his WIS. STAT. § 974.06 motion, and that this claim should instead be pursued as a claim of ineffective assistance of appellate counsel in this court via a *Knight* petition. *See State v. Knight*, 168 Wis. 2d 509, 512-13, 484 N.W.2d 540 (1992). The State also contends that Tucker's claim fails on the merits. We agree with the State that Tucker's claim fails on the merits.

¶35     When reviewing a sufficiency of the evidence claim, we may not substitute our "judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). We will uphold a conviction, "[i]f any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt," and we do so even if we do not believe that the trier of fact should have found guilt based on the evidence. *Id.*

¶36     Here, as discussed above, Tucker's former girlfriend and mother of his child identified Tucker in the video clip as the individual that struggles with C.A., and then points a gun at C.A.'s back. Accordingly, there was sufficient evidence for the jury to have reasonably concluded that Tucker was the person who shot C.A. *See id.* at 501 ("It is well established that a finding of guilt may rest upon evidence that is entirely circumstantial and that circumstantial evidence is oftentimes stronger and more satisfactory than direct evidence.").

¶37     Therefore, in sum, for all of the reasons stated above, we conclude that the circuit court properly denied Tucker's claims.

        *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.