Thomas J. KING d/b/a Paramount Enterprises,
Plaintiff-Appellant,

v.

Bobbie J. MOORE and Charles Moore,
Defendants-Respondents.

Court of Appeals

No. 79–1036. Submitted on briefs March 17, 1980.—
Decided March 26, 1980.
(Also reported in 291 N.W.2d 304.)

For the plaintiff-appellant the cause was submitted on the brief of *Walter H. Erbach* and *Voss, Nesson, Koberstein, Ebach & Voss, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *David J. Schwartz* and *Eisenberg, Giesen, Ewers & Hayes, S.C.,* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.  The plaintiff appeals from an order entered on June 27, 1979 granting defendants' motion to reopen a default judgment in an eviction action entered on March 15, 1979. The sole issue on appeal is whether a default judgment entered in an action under ch. 299, Stats. (1977)[1] which governs small claims actions, may be reopened pursuant to sec. 806.07, Stats., which governs relief from judgments in civil actions generally. We hold that it may not.

The plaintiff commenced the action on March 7, 1979 to recover possession of Madison premises rented to the defendants together with back rent, damages, costs and attorney fees. The return date specified in the summons was March 15, 1979. The defendants did not appear to defend the action. Judgment was entered against the defendants on that date in the amount of $539.90.

The defendants moved to reopen the judgment pursuant to sec. 806.07, Stats., on June 20, 1979, after the plaintiff brought garnishment actions against defendant Charles Moore and his employer to recover on the judgment. The defendants alleged in a petition supporting the motion that they had vacated the premises by the time they were served with the summons and complaint in the eviction action; that the sheriff who served them told them they could consequently disregard the eviction pro-

---

[1] Chapter 299, Stats., was renumbered to ch. 799 by ch. 32, Laws of 1979, effective July 20, 1979. All statutory references to that chapter in this opinion are from the 1977 statute.

ceedings; and that their failure to appear on the return date was in reliance on this advice.

On August 15, 1979, this court granted the plaintiff's petition for leave to appeal the trial court's nonfinal order granting the motion to reopen the judgment.[2] On the motion of this court, pursuant to Rule 809.41(3),[3] the chief judge of the court of appeals ordered on February 1, 1980 that the appeal be heard by a three-judge panel rather than the single judge to whom it had been assigned under sec. 752.31(2) and (3), Stats.

The defendants contend that their motion to reopen the judgment was timely and was properly granted under sec. 806.07, Stats., which provides:

*Relief from judgment or order.* (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

[2] Sec. 809.50, Stats.

[3] Rule 809.41(3) was adopted by order of the Wisconsin Supreme Court, effective January 1, 1980, and provides:

(3) Whether or not a motion for a 3-judge panel has been filed, the chief judge may order that an appeal be decided by a 3-judge panel at any time prior to a decision on the merits of the appeal.

(2) The motion shall be made *within a reasonable time, and, if based on sub. (1)(a)* or (c), *not more than one year after the judgment was entered* or the order or stipulation was made. . . . [Emphasis supplied.]

In our opinion this section provides no relief from default judgments entered in eviction actions tried under ch. 299, Stats.

Section 299.01(1), Stats., provides that the procedure in ch. 299 "shall" be used in eviction actions, "regardless of the amount of rent claimed therein." Section 806.07, Stats., is a part of Title XLIIA of the Wisconsin Statutes which is entitled "Civil Procedure." Section 801.01(2), Stats., provides that the sections of the statutes in that title "govern procedure and practice . . . in all civil actions and special proceedings . . . *except where different procedure is prescribed by statute or rule.*" [Emphasis supplied.] Section 299.04(1) corresponds to the preceding language by stating "[e]*xcept as otherwise provided in this chapter,* the general rules of practice and procedure in . . . Title XLIIA shall apply to actions and proceedings under this chapter." [Emphasis supplied.] It necessarily follows from these provisions that if ch. 299 establishes a particular procedure, any different procedure set forth in Title XLIIA is inapplicable to actions brought under ch. 299.

Section 299.29, Stats., specifically sets forth the conditions for relief from a default judgment entered in ch. 299 actions. It provides in relevant part:

*Default judgments.* (1) MOTION TO REOPEN. There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown. *The notice of motion must be made* within 20 days *after entry of judgment* in ordinance violation actions and *within 90 days* in other actions. [Emphasis supplied.]

The defendants concede that their motion to reopen was not timely under this section, but contend that the provisions of sec. 806.07(1), Stats., are more specific than the provisions of sec. 299.29(1), Stats., and that the former statute controls under general principles of statutory construction. Even if the defendants' contention was true,[4] that section is not applicable to default judgments in small claims proceedings. Both secs. 299.-04(1) and 801.01(2), Stats., specifically limit the application of the general rules of civil procedure to circumstances where no different procedure is prescribed. By adopting sec. 299.29(1) in ch. 407, Laws of 1963, the legislature prescribed a 90-day limit on applications for relief from default judgments in ch. 299 actions. This limit was adopted on the recommendation of the Wisconsin Judicial Council, which urged it in order to keep "[i]n line with the philosophy that small claims practice [should] be more summary and . . . proceedings . . . more speedily terminated" than in other kinds of civil actions.[5] Boden, *Wisconsin Small Claims Practice under Ch. 299: A Discussion and Some Suggestions*, 47 Marq. L. Rev. 38, 52 (1963).

We conclude that sec. 299.29(1), Stats., provides the exclusive procedure for reopening a default judgment in small claims proceedings. Since the defendants failed to

---

[4] Although sec. 806.07(1), Stats., sets forth more specific grounds for relief from judgments than the "good cause" standard of sec. 299.29(1), Stats., sec. 806.07(2) is no more specific than the latter statute respecting the time limits within which relief must be sought. The section merely provides a longer time within which to seek relief from judgments—both default and contested—than sec. 299.29(1) provides for default judgments.

[5] Prior to the enactment of sec. 299.29(1), Stats., ch. 299 was silent as to the time within which relief from judgment could be obtained in small claims actions. The one-year time limit provided for relief from civil judgments by sec. 269.46, Stats. (1961) would have been applicable under sec. 299.04, Stats. (1961).

bring their motions within the 90-day time period provided by that section, the trial court had no jurisdiction to grant the relief requested. *See State Central Credit Union v. Bayley,* 33 Wis.2d 367, 370, 147 N.W.2d 265 (1967).

*By the Court.*—Order reversed.