George M. MOCK, Plaintiff-Appellant,

v.

Randy CZEMIERYS, Defendant-Respondent.
[Case No. 82–1301.]

Randy CZEMIERYS, Plaintiff-Respondent,

v.

George M. MOCK, Defendant-Appellant.
[Case No. 82–1302.]

Court of Appeals

*Nos. 82–1301, 82–1302. Submitted on jurisdictional memoranda
October 11, 1982.—Decided May 18, 1983.*
(Also reported in 336 N.W.2d 188.)

For the plaintiff-appellant the cause was submitted on the jurisdictional memoranda of *William E. Ryan* of *Chronus & Kotsonis* of Milwaukee.

For the defendant-respondent the cause was submitted on the jurisdictional memoranda of *Randy Czemierys pro se.*

Before Scott, C.J., Voss, P.J., and Brown, J.

PER CURIAM.   The issue is whether notice of entry of judgment given by a small claims clerk of courts, pursuant to sec. 799.24(1), Stats., constitutes sufficient notice so as to shorten an appeal time from ninety days to forty-five days. Sec. 808.04(1), Stats. We conclude that the specific provisions of ch. 799 supersede sec. 806.06, Stats., so that an accurate and timely court-issued notice of entry of judgment effectively reduces the appeal time to forty-five days.

Procedurally, the facts are as follows. A trial was held on April 5, 1982 and April 7, 1982. The docket entries show judgments were granted in favor of the respondent on April 7, 1982. The appellant's attorney received notices by mail that judgments had been entered. The notices, sent by the Waukesha county clerk of courts, stated that judgments had been entered on April 5, 1982 in the amounts of $56 and $380.96. The docket entry states the clerk mailed the notices on April 8, 1982.

Section 808.04(1), Stats., contains the general time limitations for commencing an appeal:

An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given, or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

Section 806.06(3), Stats., states: "After an order or judgment is entered, either party may serve upon the other a written notice of entry containing the date of entry." To effectively shorten the time for appeal under sec. 808.04(1), the notice of entry must be given within twenty-one days after the entry of the judgment or order. Sec. 806.06(5).

Small claims procedures differ sharply from those prescribed for large claims with regard to notice of entry of judgments. Contrary to large claims where notice of entry is given by a party, small claims procedures require notice of entry of judgment be sent to the parties by the court. Section 799.24(1), Stats., reads in part:

When a judgment or an order is rendered, the . . . clerk shall immediately enter it in the case docket and note the date thereof which shall be the date of entry of judgment or order. The clerk, . . . shall mail a notice of entry of judgment to the parties or their attorneys at their last-known address within 3 days of its entry.

Assuming the clerk sends that notice and it contains the correct day of entry, the appeal time for all small claims cases is arguably shortened to forty-five days. Whether such a result is warranted or desirable under the statutes is the question to be resolved.

We conclude that the statutorily streamlined procedures of ch. 799, Stats., and the unique purpose of small claims courts justify the shortened appeal time.

Both secs. 799.04(1) and 801.01(2), Stats., provide that the general rules of civil procedure apply to small claims cases unless specifically provided otherwise in ch. 799. If ch. 799 establishes a particular procedure, any different procedure found in ch. 801 *et seq.* is inapplicable. *King v. Moore,* 95 Wis. 2d 686, 689, 291 N.W.2d 304, 306 (Ct. App. 1980). In *King,* this court held the one year language of sec. 806.07, Stats. (relief from judgment), inapplicable to small claims cases in view of contrary language in sec. 799.29, Stats. The court emphasized the legislative intent behind the distinction, that is, small claims practice is summary and designed to be terminated more readily than other kinds of civil actions. *Id.* at 690, 291 N.W.2d at 307.

■

Using that rationale and recognizing the more specific language of sec. 799.24(1), Stats., we conclude the provisions of sec. 806.06, Stats., regarding service of notice by either party and within twenty-one days of entry of judgment, are not controlling in a small claims context. The rules of appellate procedure were designed, in part, to expedite the appellate process. The appeal time under sec. 808.04(1), Stats., is reduced to forty-five days when the parties have been given timely notice of entry.[1] An accurate and timely notice of entry accomplishes the intended objective. The underlying policy is not affected if notice is given by the clerk rather than an opposing party.

■

Turning to this particular notice, we conclude it was not sufficient to shorten the appeal time because it contained the wrong date of entry of judgment.[2] The notice

---

[1] We note that sec. 808.04(1), Stats., speaks generally of written notice of entry and does not limit its scope to notice of entry given by a party as provided for in sec. 806.06(3), Stats.

[2] Appellant argues the clerk's notices of entry of judgment are defective because they do not indicate when the notices were mailed

states judgment was entered on April 5, 1982. However, the trial court docket entries and transcript establish that judgment was actually rendered on April 7, 1982. A notice of entry of judgment with an incorrect date of entry does not reduce the appeal time. To hold otherwise would defeat the primary purpose of the document. Therefore, the appeal time in these matters was ninety days, and the notices of appeal were timely filed.

The underlying dispute arises from car repair work performed for Randy Czemierys at D.M. Conversions, Ltd., of which the appellant, George M. Mock, is president.[3] While Czemierys' car was in for repair, several keys were lost, allegedly through the negligence of D.M. Conversions' employees. Several locks had to be changed, and a safety deposit box had to be redrilled as a result. The damages cover those costs.

George Mock contends the evidence is insufficient to support a finding that he was negligent. He claims the negligence, if any, was that of D.M. Conversions, Ltd., a corporation for which he should not be held personally liable. This court's standard of review is limited to whether the trial court's findings of fact are contrary to the great weight and clear preponderance of the evidence. *Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d 243, 249–50, 274 N.W.2d 647, 650 (1979).

■

Our review of the record shows sufficient evidence to support the trial court's findings. It was undisputed that

---

by the clerk. We reject that argument. The docket entries show the notices were mailed on April 8, 1982, within the three-day time period of sec. 799.24(1), Stats. Nothing in the record disputes the docket entry.

[3] Case No. 82–1301 involved a judgment against Mock in favor of Czemierys for $56. That dispute involved apartment damage and the return of Czemierys' security deposit. In his brief to this court, Mock states that upon review of the transcript, he was withdrawing his appeal in that matter. Thus, the judgment for $56 in case No. 82–1301 will stand.

Mock initially refused to release Czemierys' car to him until he paid for damages allegedly done by him to an apartment rented by Mock. In that conduct, Mock was clearly acting personally and not as an officer or employee of D.M. Conversions. The record also supports the inference that Mock's refusal to release the car could have contributed to loss of the keys. We must accept the inference drawn by the trier of fact. *Bank of Sun Prairie v. Opstein,* 86 Wis. 2d 669, 676, 273 N.W.2d 279, 282 (1979). A finding of negligence against Mock personally is supported by sufficient evidence.

*By the Court.*—Judgments affirmed.