Brown County Sheriff's Department
Non-Supervisory Labor Association,
Plaintiff-Appellant,†

v.

Brown County and Dennis Kocken,
Defendants-Respondents.

Court of Appeals

*No. 2008AP2069. Submitted on briefs January 13, 2009.*
*—Decided April 21, 2009.*

2009 WI App 75

(Also reported in 767 N.W.2d 600.)

† Petition to review denied 11/12/09.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jonathan Cermele* of *Cermele & Associates, S.C.,* of Milwaukee.

On behalf of the defendant-respondent, Dennis Kocken, the cause was submitted on the brief of *Frederick J. Mohr* of *Frederick J. Mohr, LLC,* of Green Bay.

On behalf of the defendant-respondent, Brown County, the cause was submitted on the brief of *James M. Kalny* of *Davis & Kuelthau, S.C.* of Green Bay.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Brown County Sheriff's Department Non-Supervisory Labor Association appeals a summary judgment in favor of Brown County and Brown County Sheriff Dennis Kocken. The Association contends the court erroneously concluded Kocken could contract with a private entity for the transportation of prisoners, rather than utilizing deputies employed by the sheriff's department. We affirm the judgment.

## BACKGROUND

¶ 2. In December 2006, Sheriff Kocken contracted with Wisconsin Lock & Load Prisoner Transports, LLC, for the intrastate transport of mental health patients, juveniles, and prisoners for which Kocken was responsible. Kocken signed a written authorization for Lock &

776

Load "to transport all prisoners/inmates and mental patients in regards to all Writs, Warrants, Judgments of Conviction, Revocation Orders and Mental Commitments throughout the State of Wisconsin."

¶ 3. Prior to the contract with Lock & Load, prisoner transports were performed by regularly employed deputies of the sheriff's department, who are also members of the Association. The Association filed this action seeking a declaration that Kocken could not contract with a private entity to transport prisoners. Kocken and the County filed counterclaims seeking a declaration in their favor. The issue before the circuit court was whether transporting prisoners was a constitutionally protected duty of the sheriff. The court concluded that the prisoner transports delegated to Lock & Load fell within Kocken's constitutionally protected duty of attendance on the court. Therefore, Kocken was free to determine how the duty would be carried out.

## DISCUSSION

¶ 4. Whether transporting prisoners pursuant to court orders, writs, warrants, and judgments of conviction is a constitutionally protected duty of the sheriff is a question of law that we review de novo. *See Kocken v. Wisconsin Council 40*, 2007 WI 72, ¶ 26, 301 Wis. 2d 266, 732 N.W.2d 828. "[C]ertain immemorial, principal, and important duties of the sheriff at common law that are peculiar to the office of sheriff and that characterize and distinguish the office are constitutionally protected from legislative interference." *Id.*, ¶ 39. However, the legislature may regulate internal management and administrative duties that are "mundane and commonplace." *Id.*, ¶ 42.

¶ 5. At common law, the sheriff was an officer of the court and subject to the court's commands, and this remains the case today. *See Wisconsin Prof'l Police Ass'n v. Dane County*, 149 Wis. 2d 699, 712, 439 N.W.2d 625 (Ct. App. 1989) (*WPPA II*). In *Wisconsin Professional Police Association v. Dane County*, 106 Wis. 2d 303, 312, 316 N.W.2d 656 (1982) (*WPPA I*), our supreme court concluded that "attending on the courts is one of the duties preserved for the sheriff by the Wisconsin constitution." Recently, in *Ozaukee County v. Labor Association of Wisconsin*, 2008 WI App 174, ¶ 17, 315 Wis. 2d 102, 763 N.W.2d 140, we noted it is "well-settled law that a sheriff may not be restricted in whom he or she assigns to carry out his or her constitutional duties if he or she is performing immemorial, principal, and important duties characterized as belonging to the sheriff at common law."

¶ 6. In *WPPA II*, we addressed whether a sheriff could contract with the United States Marshal's Service to perform interstate transports of prisoners who were to be brought before courts pursuant to arrest warrants. *See Wisconsin Prof'l Police Ass'n*, 149 Wis. 2d at 702–05. We concluded that "when the sheriff executes an arrest warrant issued by the court to bring a prisoner before the court the sheriff attends upon the court." *Id.* at 707. Because attending on the court is a constitutionally protected duty of the sheriff, we determined a collective bargaining agreement could not prevent the sheriff from contracting with the Marshal's Service. *Id.* at 701.

¶ 7. In *Ozaukee County*, 315 Wis. 2d 102, 763 N.W.2d 140, ¶¶ 14–16, 23, we addressed whether a sheriff was required to abide by the terms of a collective bargaining agreement when assigning deputies to

transport state or federal prisoners pursuant to agreements for the rental of jail bed space. We concluded that transporting prisoners pursuant to bed rental contracts was not a constitutionally protected duty of the sheriff. *Id.*, ¶ 23. We distinguished *WPPA II*, noting that the sheriff in *WPPA II* was transporting prisoners under court-issued arrest warrants and that the transported prisoners had business before the local court. *Ozaukee County*, 315 Wis. 2d 102, 763 N.W.2d 140, ¶ 31. By contrast, the prisoner transports in *Ozaukee County* were for the revenue generating task of bed rentals, where the sheriff was "not acting in response to a court order and the prisoners transported [did] not have any county court business." *Id.*

¶ 8. Consistent with our reasoning in *WPPA II* and *Ozaukee County*, we conclude that transporting prisoners pursuant to court-issued writs, orders, warrants, and judgments of conviction is attending on the court. Because the sheriff is attending on the court, his duty to transport prisoners at court direction is constitutionally protected. *See Wisconsin Prof'l Police Ass'n*, 149 Wis. 2d at 707. As in *WPPA II*, the prisoners being transported have business before the court and are being transported at the direction of the court. *See id.* For the same reasons, the prisoner transports here are different from those in *Ozaukee County*, where the transports were not at court direction, but instead were for the revenue generating task of renting bed space. *See Ozaukee County*, 315 Wis. 2d 102, 763 N.W.2d 140, ¶ 31.

¶ 9. The Association attempts to distinguish *WPPA II*. It contends there were no statutes requiring the interstate prisoner transports in *WPPA II* to be conducted by the sheriff or his deputies, which the Association contends the statutes require here. Addi-

tionally, the Association argues Kocken was not attending on the court because the court's writs required the prisoners to be released to "Officers of the Brown County Sheriff's Office."[1]

¶ 10. We first address the Association's attempts to distinguish *WPPA II* based on the statutes. The Association contends WIS. STAT. §§ 302.06 and 59.27(4) require the sheriff or sheriff's department employees to conduct intrastate transports of prisoners.[2] However, we have concluded that the sheriff's transportation of prisoners pursuant to court orders, writs, warrants, and judgments of conviction is a constitutionally protected duty. As such, it is not subject to legislative interference. *See Kocken*, 301 Wis. 2d 266, ¶ 39. Therefore, any conflict with the statutes would not affect the sheriff's power to contract with Lock & Load.

■

¶ 11. Regardless, we disagree with the Association's interpretation of the statutes. The Association first relies on WIS. STAT. § 302.06:

> The sheriff shall deliver to the reception center designated by the department every person convicted in the

---

[1] The Association also contends transporting prisoners intrastate is a mundane, administrative task subject to legislative regulation. It argues transporting intrastate prisoners is not a task "peculiar" to the sheriff because other entities, such as the Marshal's Service, also perform that task. The Association's argument cannot be reconciled with our decision in *WPPA II*, where we held the sheriff's transport of interstate prisoners was constitutionally protected, even where the Marshal's Service also performed that task and was actually contracted with to do so in that case. *See Wisconsin Prof'l Police Ass'n v. Dane County*, 149 Wis. 2d 699, 702, 707, 439 N.W.2d 625 (Ct. App. 1989).

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

county and sentenced to the Wisconsin state prisons or to the intensive sanctions program as soon as may be after sentence, together with a copy of the judgment of conviction. The warden or superintendent shall deliver to the sheriff a receipt acknowledging receipt of the person, naming the person, which receipt the sheriff shall file in the office of the clerk who issued the copy of the judgment of conviction. When transporting or delivering the person to any of the Wisconsin state prisons the sheriff shall be accompanied by an adult of the same sex as the person. If the sheriff and the person are of the same sex, this requirement is satisfied and a 3rd person is not required.

The Association contends the direction to "the sheriff" in § 302.06 requires prisoner transports to be performed by the sheriff or sheriff's department employees. That is not what the statute says. The statute simply refers to "the sheriff," and the Association reads in an exception for sheriff's department employees. Because the sheriff has the power to delegate his duties, *see Ozaukee County*, 315 Wis. 2d 102, 763 N.W.2d 140, ¶ 17, there is no conflict between the statute and the sheriff's duty to attend on the court.[3]

██

¶ 12. The Association also relies on Wis. Stat. § 59.27, which codifies a sheriff's duties. Subsection 59.27(4) requires a sheriff to "personally, or by the undersheriff or deputies, serve or execute all processes, writs, precepts and orders issued or made by lawful

---

[3] Relying on Wis. Stat. § 302.06, the Association further argues the sheriff is not attending on the court when transporting newly convicted prisoners, but is instead acting solely as an arm of the state. This argument ignores that a prisoner's sentence derives from a judgment of conviction issued by the court. *See* Wis. Stat. § 972.13.

authority and delivered to the sheriff." The Association contends deputies under § 59.27(4) include only deputies regularly employed by the sheriff's department. However, WIS. STAT. § 59.26 addresses undersheriffs and deputies, and § 59.26(5) provides: "The sheriff or the undersheriff may also depute in writing other persons to perform particular acts." Here, Kocken's written authorization for Lock & Load to perform specific transportation functions appears consistent with the sheriff's right to depute "other persons" under § 59.26(5).

¶ 13. Finally, we address the Association's argument that Kocken was not attending on the court because habeas corpus writs directed that prisoners be released to "Officers of the Brown County Sheriff's Department." The crux of the Association's argument is that Kocken was not following the court's commands when having Lock & Load transport prisoners.

¶ 14. The writs' language does not alter the fact that Kocken is performing the constitutionally protected duty of attending on the court when acting under the writs.[4] As sheriff, Kocken is responsible for serving and executing the court's writs. *See* WIS. STAT. § 59.27(4). When Kocken effects the delivery of prisoners pursuant to court-issued writs, Kocken is attending

---

[4] The statute prescribing the form for habeas corpus writs does not mandate specific language regarding to whom a prisoner is to be released. *See* WIS. STAT. § 782.07. When Kocken contracted with Lock & Load, the County requested that the Brown County judges add the language "or assigned entity" to its writs. The judges responded:

> The Courts will continue to sign standard Writs in the current format. The judges will not inject themselves into any dispute involving the Sheriff's assignment of duties or work. The Courts will continue to direct the Sheriff. How he handles the assignment is his business.

on the court. Because attending on the court is a constitutionally protected duty of the sheriff, Kocken was permitted to assign the transportation of prisoners under the writs to Lock & Load. *See Ozaukee County,* 315 Wis. 2d 102, 763 N.W.2d 140, ¶ 17.

*By the Court.*—Judgment affirmed.

---

Thus, despite the Association's argument that the writs' language supports its position, the court's continued use of the language reflects its attempt to remain neutral in the parties' dispute.