KLOPPENBURG, J.[1]
¶1 Lindsey McCune, pro se, appeals the circuit court's order denying her motion to reopen the default judgment entered in favor of Capital One Bank (USA), N.A. in this small claims action for payment on an alleged delinquent credit card account. I conclude that McCune fails to show that the court erroneously exercised its discretion in denying her motion to reopen and, therefore, I affirm.
BACKGROUND
¶2 Capital One Bank filed this small claims action in December 2017, seeking payment of the balance that Capital One Bank alleged McCune owed on her Capital One Bank credit card account. On January 2, 2018, the circuit court entered a default judgment in favor of Capital One Bank after McCune failed to appear or otherwise respond to the summons and complaint by the date stated on the summons. McCune, acting pro se, filed a petition to reopen the judgment on January 12, 2018, and the court held a hearing on the petition on January 29, 2018.
¶3 At the hearing, McCune told the court that she had not appeared or responded to the summons and complaint because "quite often" mail addressed to her does not get delivered to her house. The court then questioned McCune about her defense to the allegations in the complaint, determined that McCune failed to present any issues "that would give rise to a legitimate defense," and denied the motion to reopen "for want of presentation of a defense that would indicate that there is a meritorious issue that requires the Court to try the case."
¶4 McCune filed a notice of appeal on March 6, 2018.
STANDARD OF REVIEW AND LEGAL PRINCIPLES
¶5 WISCONSIN STAT. § 799.29 establishes the exclusive procedure to reopen a default judgment in a small claims proceeding. King v. Moore , 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980).[2] The statute provides that "[t]here shall be no appeal from default judgments, but the [circuit] court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown." WIS. STAT . § 799.29(1)(a).
¶6 Because the circuit court "may" reopen the judgment, the decision of whether to reopen a default judgment is discretionary. See Dugenske v. Dugenske , 80 Wis. 2d 64, 67-68, 257 N.W.2d 865 (1977). A circuit court's decision on a motion to reopen will not be disturbed absent an erroneous exercise of discretion. See id. at 68. The circuit court's exercise of discretion will be affirmed if the record reflects a "reasoned application of the appropriate legal standard to the relevant facts." Hedtcke v. Sentry Ins. Co. , 109 Wis. 2d 461, 471, 326 N.W.2d 727 (1982).
¶7 Pertinent here, to show the good cause requisite to reopen a default judgment, a party must show "that there is a meritorious defense." Hollingsworth v. American Fin. Corp. , 86 Wis. 2d 172, 184-85, 271 N.W.2d 872 (1978). See also Meehan v. Snow , 652 F.2d 274, 277 (2d. Cir. 1981) (holding that under the good cause standard set forth in Federal R. Civ. P. 55(c), which allows for the setting aside of an entry of default "for good cause," whether a meritorious defense is presented is one of the principal factors to be considered). A defendant who seeks to reopen a default judgment without articulating a defense has failed to show good cause, because to reopen a default judgment for a defendant who has no defense would be futile and a waste of the court's and the parties' time and resources.
DISCUSSION
¶8 McCune makes various arguments that appear to be directed at either or both the default judgment and the denial of her motion to reopen. To the extent that her arguments are directed at the default judgment, I first explain why those arguments are not properly raised on appeal. To the extent her arguments are directed at the denial of her motion to reopen, I then explain why she fails to show that the circuit court misused its discretion.
¶9 McCune argues that the circuit court erroneously granted default judgment to Capital One Bank because, as she asserts: (1) the complaint is defective in certain respects and does not contain the information required by WIS. STAT. § 425.109, and (2) Capital One Bank through its attorneys did not conduct itself properly in its correspondence with McCune prior to filing the complaint or in the filing itself. However, McCune's arguments directed at the default judgment are not properly before me in this appeal. As stated above, a default judgment cannot be appealed. WIS. STAT. § 799.29(1)(a). Because the default judgment is not an appealable order, this court does not have jurisdiction over McCune's challenge to the default judgment. See Thomas/Van Dyken Joint Venture v. Van Dyken , 90 Wis. 2d 236, 241, 279 N.W.2d 459 (1979) ("If the judgment is not appealable, this court is without jurisdiction to consider the merits of the controversy."). In other words, this court cannot provide McCune an opportunity to revisit the default judgment in contravention of the Wisconsin statute.
¶10 In addition, as Capital One Bank explains in its response brief on appeal, any challenge to the judgment is untimely because this appeal was filed more than 45 days after entry of the judgment. See WIS. STAT. § 808.04(1) (an appeal must be initiated within 45 days of entry of a final judgment or order appealed from) and Mock v. Czemierys , 113 Wis. 2d 207, 210, 336 N.W.2d 188 (Ct. App. 1983) (in small claims proceedings, the appeal time is 45 days from the date of the clerk's notice of entry of judgment). Accordingly, for this reason also, this court lacks jurisdiction over McCune's appeal of the default judgment. See WIS. STAT. § 809.10(1)(e) ("The filing of timely notice of appeal is necessary to give the court jurisdiction over the appeal.").[3]
¶11 I now turn to McCune's challenge to the circuit court's denial of her motion to reopen the default judgment.
¶12 As stated, the circuit court denied McCune's motion because McCune failed to present issues that would give rise to a meritorious defense. The complaint alleged that McCune owed Capital One Bank "a sum of $1,493.51 for transactions made on Defendant('s') charge account bearing account number XXXXXXXXXXXX9429 which was/were issued to Defendant(s) by Capital One Bank (USA), N.A." and that McCune was in default for failing to make the required payments on that charge account. The complaint further alleged, "Pursuant to Wisconsin Statute section 425.109(1)(h), Plaintiff will submit accurate copies of the writings evidencing the Defendant's obligation to the court and the Defendant(s) upon receipt of the Defendant's written request therefore on or before the return date or the date on which the Defendant's answer is due."
¶13 The circuit court questioned McCune at least four times about her defense to these allegations. McCune responded that she had asked for and not yet received from the Bank's counsel any proof of "an account and contract." McCune acknowledged that she had credit cards with unpaid balances, but did not know the details of her accounts. McCune told the court, "there will be" a defense.
¶14 McCune appears to argue that she did present a meritorious defense to the extent that she indicated to the court that she did not know the status of her various credit card accounts, and that Capital One Bank had not provided evidence of the allegations in the complaint. However, McCune did not before the circuit court and does not on appeal articulate any factual or legal defense to the specific allegations in the complaint, or any actual factual or legal issue for the court to decide with respect to those allegations. In sum, the record reflects the court's "reasoned application of the appropriate legal standard to the relevant facts." See Hedtcke , 109 Wis.2d at 471. Accordingly, I conclude that McCune fails to show that the circuit court misused its discretion when it denied her motion to reopen.[4]
CONCLUSION
¶15 For the reasons stated, I affirm.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

King v. Moore , 95 Wis. 2d 686, 291 N.W.2d 304 (Ct. App. 1980) was decided under the 1977 statutes in which Wis. Stat . § 299.29(1), rather than Wis. Stat. § 799.29(1) governed reopening default judgments in small claims actions. 95 Wis. 2d at 687. The King opinion notes that this statute was renumbered to the current numbering, § 799.29(1), in the 1979 statutes. Id.

McCune's arguments directed at the default judgment also fail because she did not file a reply brief responding to Capital One Bank's argument that this court lacks jurisdiction over any appeal of the default judgment, thereby conceding that Capital One Bank's argument is correct. See United Co-op. v. Frontier FS Co-op. , 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

McCune also makes arguments based on whether she proved excusable neglect for her failure to appear or respond. However, the circuit court did not base its decision on why she had not appeared or responded. Rather, the court based its decision solely on her failure to articulate a meritorious defense. Accordingly, I do not consider these arguments further.