COURT OF APPEALS
DECISION
DATED AND FILED

April 16, 2020

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2290-FT**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019SC986**

**IN COURT OF APPEALS
DISTRICT IV**

**MARTINDALE PINNACLE CONSTRUCTION,**

**PLAINTIFF-APPELLANT,**

**V.**

**JOHN PULLEY,**

**DEFENDANT-RESPONDENT.**

APPEAL from an order of the circuit court for Rock County: DERRICK A. GRUBB, Judge. *Affirmed.*

¶1 NASHOLD, J.[1] Martindale Pinnacle Construction (MPC) appeals an order denying MPC's motion to reopen a default judgment entered against it in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a). In a January 3, 2020 order, the court placed this case on the expedited appeals calendar, and the parties have submitted memo briefs. *See* WIS. STAT. RULE 809.17. Briefing was complete on February 27, 2020. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

a small claims action. For the reasons set forth below, the circuit court's order is affirmed.

## BACKGROUND

¶2 The background facts are undisputed. On March 20, 2019, Paul Martindale, president and sole owner of MPC, filed a pro se small claims action by electronic filing. The complaint alleged that MPC had completed work for John Pulley and that Pulley still owed MPC $7,951.57.

¶3 The return date for the action was set for April 12, 2019, and the circuit court issued a summons commanding the parties to appear. On April 12, Pulley and his counsel appeared in front of the court commissioner. However, MPC did not appear, and the court commissioner entered an order dismissing the action. *See* WIS. STAT. § 799.22(1).

¶4 On June 25, 2019, MPC, through counsel, filed a motion for relief from the dismissal order. In support of the motion, Martindale filed an affidavit alleging that, after filing the complaint in this matter, he received no notifications about the case until he learned on April 12, 2019, that the case had been dismissed; that he did not know to check CCAP or call the clerk of court's office after filing his complaint to see whether a return date had been scheduled; and that he did not know what a return date was. The court commissioner held a hearing and issued an oral ruling denying MPC's motion. At the hearing, the court commissioner advised MPC of its rights to a de novo review by the circuit court,[2]

---

[2] *See* WIS. STAT. § 757.69(8).

and provided MPC with the demand for trial form.[3] MPC filed a demand for trial. The circuit court ordered briefing from both parties and set a hearing date. At the hearing, counsel for both parties appeared, but Martindale did not.

¶5 The circuit court construed MPC's demand for trial as a request for de novo review of the court commissioner's denial of MPC's motion to reopen the default judgment dismissing MPC's complaint. The court denied MPC's motion, concluding that MPC had not shown good cause to reopen the judgment. *See* WIS. STAT. § 799.29(1). This appeal follows.

## DISCUSSION

¶6 A court commissioner may dismiss a small claims action for plaintiff's failure to appear on the date set for the return date or trial. WIS. STAT. § 799.22(1). WISCONSIN STAT. § 799.29(1)(a) provides the exclusive procedure for reopening a default judgment in a small claims proceeding. *King v. Moore*, 95 Wis. 2d 686, 690, 291 N.W.2d 304 (Ct. App. 1980).[4] The sole issue before this court is whether, on de novo review, the circuit court erred in denying MPC's motion to reopen the judgment. This court reviews a circuit court's decision to deny or grant a motion to reopen a default judgment for an erroneous exercise of discretion. *See, e.g.*, *Haselow v. Gauthier*, 212 Wis. 2d 580, 587, 569 N.W.2d 97 (Ct. App. 1997). "'A circuit court does not erroneously exercise its discretion if its decision is based on the facts of record and on the application of a correct legal

---

[3] *See* WIS. STAT. § 799.207(2)(b) and (3)(b).

[4] *King* cites WIS. STAT. § 299.29(1) but notes that Chapter 299 of the Wisconsin Statutes was renumbered to the current chapter number, Chapter 799, in the 1979 statutes. *See King*, 95 Wis. 2d at 687 n.2.

standard.'" ***Miller v. Hanover Ins. Co.***, 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493 (quoting ***Larry v. Harris***, 2008 WI 81, ¶15, 311 Wis. 2d 326, 752 N.W.2d 279).

¶7      When a circuit court makes factual findings, this court upholds such findings unless they are clearly erroneous. ***Benkoski v. Flood***, 2001 WI App 84, ¶19, 242 Wis. 2d 652, 626 N.W.2d 851; *see also* WIS. STAT. § 805.17(2). "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.'" ***Phelps v. Physicians Ins. Co. of Wis.***, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615 (quoting ***State v. Arias***, 2008 WI 84, ¶12, 311 Wis. 2d 358, 752 N.W.2d 748).

¶8      Pursuant to WIS. STAT. § 799.29(1)(a), "the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown." "Good cause" is not defined in Chapter 799 of the Wisconsin Statutes. Absent a definition, the circuit court concluded that "good cause" as it appears in § 799.29(1) is ambiguous, and turned to a related statute to ascertain its meaning. *See* ***State ex rel. Kalal v. Circuit Court for Dane Cty.***, 2004 WI 58, ¶¶45-46, 271 Wis. 2d 633, 681 N.W.2d 110. Specifically, based on argument from MPC, the circuit court concluded that WIS. STAT. § 806.07(1), which lists reasons that a party may seek relief from a judgment in most civil cases, was the appropriate source for determining whether a party had shown good cause for relief from a judgment in the small claims context under § 799.29(1). This court has likewise concluded that, in determining good cause under § 799.29(1)(a), it is generally appropriate to consider the factors set forth in § 806.07(1). *See, e.g.*, ***Ryan v. Friday***, No. 2018AP1354, unpublished slip op. ¶11 (WI App May 14, 2019); ***Mandujano v. Mendoza***, No. 2018AP109, unpublished slip op. ¶8 (WI

App July 25, 2018); ***Williams v. Capitol Motel***, No. 2007AP424, unpublished slip op. ¶¶21-22 (WI App Nov. 1, 2007).[5]

¶9      Under this rubric, MPC argues that it was entitled to relief from the judgment for two of the reasons listed in WIS. STAT. § 806.07(1).  First, MPC argues that the default judgment was the product of "excusable neglect."  *See* § 806.07(1)(a).  "Excusable neglect is that neglect which might have been the act of a reasonably prudent person under similar circumstances."  ***Carmain v. Affiliated Capital Corp.***, 2002 WI App 271, ¶23, 258 Wis. 2d 378, 654 N.W.2d 265.  Second, MPC asserts that it is entitled to relief under the "catch-all" provision of § 806.07(1)(h), which requires a showing that "extraordinary circumstances" are present.  *See **Miller***, 326 Wis. 2d 640, ¶¶32, 34.

¶10      The circuit court assessed MPC's arguments under these standards and concluded that MPC had failed to show good cause for reopening the judgment.  In support of its analysis, the court found that, as an electronic party to the case, Martindale had received an email and notice of the return date.  The court further found that Martindale's bare assertion to the contrary, as alleged in his affidavit, was not credible.  The court emphasized that Martindale had not elaborated on his alleged lack of notice and had not shown up for the hearing on the motion to reopen the judgment.  The court also found that Martindale had recently been represented by counsel in several other similar actions and could have availed himself of the assistance of counsel had he not received notice or known what a return date was.

---

[5] *See* WIS. STAT. RULE 809.23(3)(b) (an unpublished opinion issued on or after July 1, 2009, that is authored by a member of a three-judge panel or by a single judge under WIS. STAT. § 752.31(2) may be cited for its persuasive value).

¶11 On appeal, MPC does not explicitly challenge the circuit court's factual findings. Instead, MPC repeats and incorporates the allegations contained in Martindale's affidavit, ignoring the court's factual findings, including the court's critical finding that the affidavit's statement regarding Martindale's lack of notice was not credible. MPC does not explain how or why the circuit court's factual findings are erroneous, let alone why they are "clearly erroneous," which is the standard of review applicable here. *See State v. Leitner*, 2001 WI App 172, ¶34, 247 Wis. 2d 195, 633 N.W.2d 207 (circuit court was entitled to make factual findings contrary to affidavit when the affiant chose not to testify at a hearing); *see also Freund v. Nasonville Dairy, Inc.*, 2019 WI App 55, ¶41, 389 Wis. 2d 35, 934 N.W.2d 913 ("We will not set aside a circuit court's findings of fact unless they are clearly erroneous, and we must give 'due regard ... to the opportunity of the trial court to judge the credibility of the witnesses.'" (quoting WIS. STAT. § 805.17(2)). Therefore, to the extent that MPC intends to contest the circuit court's factual findings, MPC's argument is inadequately developed and this court declines to address it. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Accordingly, the circuit court's factual findings are upheld.

¶12 Moreover, as explained below, MPC's legal arguments are also unavailing because they rely on assertions of fact which were explicitly rejected by the circuit court. MPC argues that it has shown excusable neglect because Martindale had allegedly never received notice of the return date and that, therefore, the entry of the default judgment was only due to MPC's "honest mistake." *See Martin v. Griffin*, 117 Wis. 2d 438, 443, 344 N.W.2d 206 (Ct. App. 1984). However, as stated, the circuit court did not find this assertion credible and instead found that Martindale had received an email and notice of the return date. Because MPC has not shown that any of the circuit court's factual findings were

clearly erroneous, it has likewise failed to show that the circuit court erroneously exercised its discretion in rejecting MPC's excusable neglect argument.

¶13    MPC also argues that it is entitled to relief under the "catch-all" provision of WIS. STAT. § 806.07(1)(h), which, as stated, requires a finding of "extraordinary circumstances."  *See Miller*, 326 Wis. 2d 640, ¶¶32, 34.  In determining whether extraordinary circumstances exist, our supreme court has provided a list of five non-exhaustive factors that circuit courts must consider:

> 1. Whether the judgment was the result of conscientious, deliberate, well-informed choice of the claimant;
>
> 2. Whether the claimant received the effective assistance of counsel;
>
> 3. Whether relief is sought from a judgment to which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments;
>
> 4. Whether there is a meritorious defense to the claim; and
>
> 5. Whether there are intervening circumstances making it inequitable to grant relief.

*Allstate Ins. Co. v. Brunswick Corp.*, 2007 WI App 221, ¶7, 305 Wis. 2d 400, 740 N.W.2d 888 (quoting *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶11, 282 Wis. 2d 46, 698 N.W.2d 610); *see also Miller*, 326 Wis. 2d 640, ¶36.  In exercising its discretion, the circuit court must "always keep[] in mind the competing interests of finality of judgments and fairness in the resolution of the dispute." *Miller*, 326 Wis. 2d 640, ¶36.

¶14    In this case, the circuit court analyzed the five factors, concluding that:  (1) MPC was not conscientious because Martindale had received notice of the return date via email and did not appear for the April 12, 2019 return date; (2) MPC had recently been represented by able and competent counsel in several

other similar actions and could have availed himself of the assistance of counsel; (3) there had been no consideration of MPC's claim on the merits; (4) MPC's claim was meritorious insofar as it alleged a breach of contract; and (5) the court could not assess whether there were any intervening circumstances because Martindale's affidavit was silent on the issue and Martindale did not show up for the hearing on the motion to reopen.

¶15   In addition to the listed factors, the circuit court concluded: "I don't see anything extraordinary or unique about [Martindale's] affidavit. In fact, it's rather typical when somebody doesn't show up for court and there's a default judgment." The court also noted that, because of Martindale's failure to appear at the hearing on the motion to reopen, he could not be questioned about the truth or falsity of any of the assertions he made in his affidavit, including his lack of notice claim. Considering all of these factors, the court concluded that extraordinary circumstances were not present in this case.

¶16   On appeal, MPC fails to challenge the circuit court's factual findings or legal analysis and instead merely repeats the same arguments that it made in the circuit court and which the court rejected.[6] As a result, MPC has failed to develop an argument as to how or why the circuit court erroneously exercised its

---

[6] The only substantive difference between the brief MPC filed below and the brief filed in this court is that, in its appellate brief, MPC adds a paragraph noting the "non-binding policy consideration at play – uniformity of lower court decisions." Specifically, MPC asserts that a different Rock County circuit court judge allowed four of MPC's other small claims cases to be reopened. The outcomes in other small claims cases filed by MPC was the subject of some debate at the hearing on the motion to reopen. This court will not consider the other cases MPC refers to in its appellate brief. First, as MPC acknowledges, a different circuit court judge's determination is not binding on this court or on the circuit court judge in this case. Second, the record contains insufficient information about these other cases; therefore, this court is unable to determine whether MPC's assertions are accurate or whether the other cases are factually distinguishable from this case.

discretion, and MPC's contention may be rejected on that basis. *See **Herder Hallmark Consultants, Inc. v. Regnier Consulting Grp., Inc.***, 2004 WI App 134, ¶16, 275 Wis. 2d 349, 685 N.W.2d 564 (this court will not develop an argument on a party's behalf). Furthermore, I discern no erroneous exercise of discretion in the circuit court's conclusions.

¶17 Accordingly, the circuit court properly exercised its discretion in determining that MPC did not establish good cause to reopen the default judgment under WIS. STAT. § 799.29(1)(a).

## CONCLUSION

¶18 For the reasons stated, the circuit court's order is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.