COURT OF APPEALS
DECISION
DATED AND FILED

September 8, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP558**

**STATE OF WISCONSIN**

Cir. Ct. Nos. 2018CV9747
2019CV6012

**IN COURT OF APPEALS
DISTRICT I**

MICHAEL L. MOSS,

      PLAINTIFF-APPELLANT,

  V.

G4S SECURE SOLUTIONS (USA), INC., MICHAEL P. ARCHIBALD, TALEIGHA P. BENSON AND ABC INSURANCE COMPANY,

      DEFENDANTS,

MILWAUKEE COUNTY AND WISCONSIN COUNTY MUTUAL INSURANCE COMPANY,

      DEFENDANTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Milwaukee County: LAURA GRAMLING PEREZ, Judge. *Affirmed*.

        Before Brash, C.J., Donald, P.J., and White, J.

¶1    BRASH, P.J.  Michael L. Moss appeals the trial court's order for dismissal on the pleadings regarding Moss's claims against Milwaukee County and its insurer, Wisconsin County Mutual Insurance Company (collectively "the County").  The trial court determined that the County's pleadings established that government immunity applies in this case, and that Moss did not demonstrate that any exceptions to immunity were applicable.  We agree and, therefore, affirm.

## BACKGROUND

¶2    Moss's claim against the County stems from an incident that occurred in November 2017.  Moss was an inmate at Green Bay Correctional Institution and was being transported to the Milwaukee County Courthouse for a hearing.  His transportation was provided by G4S Secure Solutions (USA), Inc., which had a contract with Milwaukee County to, among other things, transport state prisoners to and from the jail or courthouse for hearings and appointments.

¶3    The van used by G4S to transport Moss was driven by one of its employees, Michael P. Archibald.  Another G4S employee, Taleigha P. Benson, was also in the van during the transport.  Moss was a passenger in the rear of the vehicle.

¶4    During the trip from Green Bay to Milwaukee, Archibald fell asleep while driving the van, causing it to crash into a median on Highway 41.  Moss—who was handcuffed during the transport—did not have his seatbelt fastened, and was injured in the crash.  Archibald was cited for inattentive driving.

¶5    Moss filed suit against G4S, Archibald, and Benson, alleging negligence relating to Archibald and Benson's failure to fasten Moss's seatbelt.  Moss's complaint also included a negligence claim against the County, asserting

that it was still responsible for the safe transport of inmates even though it had entered into a contract with G4S to perform this duty.

¶6      The County filed a motion for judgment on the pleadings, arguing that as a government agent, it has immunity from suit pursuant to WIS. STAT. § 893.80(4) (2019-20).[1]   In response, Moss argued that the County's responsibility for the transport of prisoners is a ministerial duty—an exception to governmental immunity—and that responsibility cannot be delegated through a contract.  Thus, Moss maintained that the County was ultimately responsible for G4S's negligence.

¶7      After a hearing on the County's motion, the trial court found that Moss had not demonstrated that the allegations in his complaint involved ministerial duties.  As a result, the court held that the County has governmental immunity in this case, and granted the County's motion for judgment on the pleadings.  This appeal follows.

## DISCUSSION

*Jurisdiction Issue*

¶8      We first discuss the County's argument that this court lacks jurisdiction because Moss did not timely file his notice of appeal.  This argument is based on the time requirements for initiating an appeal, as set forth in WIS. STAT. § 808.04(1):

> An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version, unless otherwise noted.

provided in [Wis. Stat. §] 806.06(5), or within 90 days of
entry if notice is not given[.]

Wisconsin Stat. § 806.06(5) states that "[n]otice of entry of judgment or order must be given within 21 days after the entry of judgment or order to constitute notice under [§] 808.04(1)."

¶9      The County contends that the order granting its motion for judgment on the pleadings was entered on January 31, 2020, and notice of that entry was sent to all parties through the Milwaukee County Circuit Court's electronic notification system.  Thus, the County asserts that Moss's notice of appeal was subject to the forty-five day time frame, which means the deadline for filing his notice of appeal was March 16, 2020.  Moss did not file that notice until March 20, 2020.

¶10     However, the County disregards Wis. Stat. § 806.06(3), which provides that "[a]fter an order or judgment is entered, either party may serve upon the other a written notice of entry containing the date of entry."  This provision contemplates the notice as a separate document, generated by one party and served upon the opposing party, as discussed by our supreme court in *Soquet v. Soquet*, 117 Wis. 2d 553, 556-58, 345 N.W.2d 401 (1984).

¶11     Ultimately, the *Soquet* court held that in order to "set in motion" the forty-five day time constraints of Wis. Stat. § 808.04(1), "a formal, captioned and signed notice of entry of judgment stating the date the judgment was entered must be served on the opposing party within twenty-one days of the entry date." *Soquet*, 117 Wis. 2d at 561.  Here, the County does not assert that it served a notice of entry of judgment on Moss, but rather that the email sent by the circuit court regarding

4

the filing of the order was sufficient to warrant notice to Moss. However, that clearly does not comply with the requirements of WIS. STAT. § 806.06(3) and (5).[2]

¶12 Therefore, we reject the County's contention that Moss was required to file his notice of appeal within forty-five days of the entry of the order granting the County's motion for judgment on the pleadings, and conclude that Moss's notice of appeal was timely filed.

*Governmental Immunity*

¶13 We now turn to Moss's argument that the trial court erred in granting the County's motion for judgment on the pleadings after finding that the County has immunity from Moss's claims. In reviewing an order granting judgment on the pleadings, this court follows the same methodology utilized in reviewing a grant of summary judgment. ***Schuster v. Altenberg***, 144 Wis. 2d 223, 228, 424 N.W.2d 159 (1988); *see also* WIS. STAT. § 802.06(3). That is, we first "examine the complaint to determine whether a claim for relief has been stated." *See* ***Schuster***, 144 Wis. 2d at 228. For this review, "the facts pleaded by the plaintiff, and all reasonable inferences therefrom, are accepted as true." ***Id.*** (citation omitted).

¶14 If we determine that a claim for relief has been stated in the complaint, "[w]e then turn to the responsive pleadings to ascertain whether a material factual issue exists." ***Freedom from Religion Found., Inc. v. Thompson***, 164 Wis. 2d 736, 741, 476 N.W.2d 318 (Ct. App. 1991). If there is no genuine issue of material fact,

---

[2] In the interest of completeness with regard to the requirements for filing a notice of entry of judgment, we note that the requirements are different for small claims actions. In those cases, the clerk of circuit court generates and mails a notice of entry of judgment to the parties or their attorneys. *See* WIS. STAT. § 799.24(1); *see also* ***Mock v. Czemierys***, 113 Wis. 2d 207, 210, 336 N.W.2d 188 (Ct. App. 1983) ("recognizing the more specific language of [§] 799.24(1), we conclude the provisions of [WIS. STAT. §] 806.06, regarding service of notice by either party and within twenty-one days of entry of judgment, are not controlling in a small claims context").

judgment on the pleadings is appropriate. *Id.* "Whether judgment on the pleadings should be granted is a question of law which we review *de novo*." *Id.*

¶15    The trial court determined that judgment on the pleadings for Moss's claim against the County was appropriate based on the immunity provided under WIS. STAT. § 893.80(4). That statute precludes bringing a lawsuit against any "governmental subdivision … for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." *Id.* These types of acts for which the statute provides immunity "have been collectively interpreted to include any act that involves the exercise of discretion and judgment." *Lodl v. Progressive N. Ins. Co.*, 2002 WI 71, ¶21, 253 Wis. 2d 323, 646 N.W.2d 314.

¶16    This immunity, however, is subject to several exceptions, including "the performance of ministerial duties imposed by law[.]" *Id.*, ¶24. A ministerial duty "is one that 'is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion.'" *Id.*, ¶25 (citation omitted).

¶17    Still, there is a presumption that immunity applies, and the burden is on Moss to demonstrate that an exception to immunity is applicable. *See Kimps v. Hill*, 200 Wis. 2d 1, 18-19, 546 N.W.2d 151 (1996). "The application of the immunity statute and its exceptions to a given set of facts presents a question of law, which we review *de novo*." *Heuser ex rel. Jacobs v. Community Ins. Corp.*, 2009 WI App 151, ¶21, 321 Wis. 2d 729, 774 N.W.2d 653.

¶18    Moss argues that the County's responsibility for transporting inmates to the Milwaukee County Courthouse is a ministerial duty. "The first step in the ministerial duty analysis is to identify a source of law or policy that imposes the

alleged duty." *Oden v. City of Milwaukee*, 2015 WI App 29, ¶13, 361 Wis. 2d 708, 863 N.W.2d 619 (citation omitted).

¶19 Moss points to this court's decision in *Brown County Sheriff's Department Non-Supervisory Labor Association v. Brown County*, 2009 WI App 75, 318 Wis. 2d 774, 767 N.W.2d 600. In *Brown County*, the Labor Association challenged the Brown County Sheriff's authority to contract with a private entity to transport prisoners. *Id.*, ¶3. We concluded that "transporting prisoners pursuant to court-issued writs, orders, warrants, and judgments of conviction is attending on the court," which is a "constitutionally protected" duty of the sheriff. *Id.*, ¶8. However, we also stated that, pursuant to the sheriff's duties as codified at WIS. STAT. § 59.26(5), the sheriff or undersheriff "'may also depute in writing other persons to perform particular acts.'" *See Brown Cnty.*, 318 Wis. 2d 774, ¶12 (quoting § 59.26(5)). Therefore, we determined that the sheriff was permitted to assign the duty of transporting prisoners to the private entity. *Brown Cnty.*, 318 Wis. 2d 774, ¶14.

¶20 *Brown County* does not discuss the issue of governmental immunity, let alone whether prisoner transport is a ministerial duty. In fact, as the trial court noted, the holding in *Brown County* actually supports the premise that the sheriff's department may exercise discretion in performing that duty.

¶21 Nevertheless, Moss argues that although the sheriff entering into a contract with a private transport company is a discretionary act, the responsibility to ensure that there is no negligence in the performance of that contract is a ministerial duty. In support of that argument, he cites *Chart v. Dvorak*, 57 Wis. 2d 92, 100-01, 203 N.W.2d 673 (1973), where our supreme court stated that once employees of the Wisconsin Highway Commission had made "the legislative or

7

quasi-legislative decision to place [a] highway warning sign, they had a duty to place it and maintain it without negligence." However, *Chart* is not factually similar to this case, in that the duties of placement and maintenance of the highway sign were performed by the same government entity, as opposed to being delegated to a different entity. *See id.* at 102. Here, the responsibility of the County after delegating the duty is the primary issue.

¶22 Moss also cites to *Dunn County v. WERC*, 2006 WI App 120, 293 Wis. 2d 637, 718 N.W.2d 138, in support of this argument. In *Dunn County*, this court reviewed provisions of a collective bargaining agreement (CBA) being challenged. *Id.*, ¶1. Moss argues that the holding in *Dunn County* states that "the sheriff cannot delegate to another county official the directory or supervisory authority over attendance upon the court."

¶23 Moss misstates the holding. We stated that the sheriff "cannot be *required* to delegate to another county official" its constitutionally protected duties, after reviewing one of the CBA provisions which gave the clerk of court "'priority over the [s]heriff in the scheduling, directing and supervision' of deputies serving as the court security officer." *Id.*, ¶¶12, 14 (emphasis added). This distinction—the attempt to require the sheriff to delegate certain duties—renders *Dunn County* inapplicable to Moss's argument as well.

¶24 Other cases cited by Moss are also distinguishable and inapplicable. In short, Moss has provided no legal authority that supports his position that the County had a ministerial duty to monitor G4S's performance of the contract for transporting inmates. Rather, the applicable statute and relevant case law indicate that the sheriff's authority for delegating inmate transport—as well as other constitutionally protected duties of that office—is a discretionary function, *see* WIS.

STAT. § 59.26(5); **Brown County**, 318 Wis. 2d 774, ¶14, and "the most generally favored principle is that public officers are immune from liability for damages resulting from their negligence or unintentional fault in the performance of discretionary functions," *see* **Lister v. Board of Regents of Univ. Wis. Sys.**, 72 Wis. 2d 282, 301, 240 N.W.2d 610 (1976).

¶25    In addition to the ministerial duties exception to government immunity, Moss also argues that the "known danger" exception applies. This exception "arises only when there exists a danger that is known and compelling enough to give rise to a ministerial duty[.]" **Lodl**, 253 Wis. 2d 323, ¶4. Moss contends that the failure of Archibald and Benson to fasten his seatbelt during his transport triggered this exception, pursuant to the statutory requirement for seatbelt use set forth at WIS. STAT. § 347.48(2m)(d).

¶26    We first note that Moss did not present this argument to the trial court. "Generally, we will not consider on appeal arguments not made to the trial court." **Gibson v. Overnite Transp. Co.**, 2003 WI App 210, ¶9, 267 Wis. 2d 429, 671 N.W.2d 388. Furthermore, given our determination that Moss has failed to demonstrate that the County had a ministerial duty to monitor its transport contract with G4S, Moss's attempt to assign responsibility to the County for the statutory seatbelt mandate likewise fails.

¶27    Therefore, we conclude that the trial court appropriately granted the County's motion for judgment on the pleadings. Accordingly, we affirm the order dismissing Moss's claims against the County.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

9